**STILLINGS, Appellee,**

v.

**FRANKLIN TOWNSHIP BOARD OF TRUSTEES et al., Appellants.**

[Cite as *Stillings v. Franklin Twp. Bd. of Trustees* (1994), 97 Ohio App.3d 504.]

Court of Appeals of Ohio,
Summit County.

No. 16664.

Decided Oct. 5, 1994.

Reversed and remanded.

*John E. Holcomb,* for appellee.

*Alfred E. Schrader,* for appellants.

REECE, Presiding Judge.

The Franklin Township Board of Trustees appeals from the common pleas court's order requiring the board and the appellee, James L. Stillings, to submit

to binding arbitration to resolve Stillings's grievance over his disciplinary discharge. We reverse.

Stillings was employed by the Franklin Township Board of Trustees as a police officer. Stillings's employment was subject to the terms of a collective bargaining agreement that was effective from January 1, 1989 to July 1, 1991. On October 29 and November 8, 1990, Stillings was involved in a series of events which culminated in Stillings issuing a delayed traffic citation to a township resident. Following a complaint of mistreatment by the cited resident, the township police chief ordered an internal investigation. The officer in charge of that investigation concluded that disciplinary action was not necessary.

On November 14, 1990, a new police chief assumed duties in the township. The new police chief could not find the report on the complaint against Stillings and ordered a further inquiry into the complaint by a different investigating officer. The officer in charge of the second investigation concluded that Stillings's conduct and the issuance of the delayed citation had violated several sections of General Order 90–3, the township's codification of police department rules and regulations. Pursuant to its statutory authority under R.C. 505.491, the board charged Stillings with misfeasance, malfeasance, nonfeasance, neglect of duty, incompetence, misconduct in office, and failure to obey orders. The board conducted a hearing under R.C. 505.492 *et seq.* on the charges and found Stillings guilty of several of the counts specified in the charging instrument. On January 23, 1991, the board's findings were announced and Stillings's employment was terminated.

On January 31, 1991, Stillings instituted an administrative appeal under R.C. 505.49(A) and R.C. Chapter 2506 by filing a complaint in the common pleas court. On August 27, 1992, Stillings moved to amend his complaint to include a count, pursuant to R.C. 2711.03, seeking to compel binding arbitration of his disciplinary grievance according to the terms of the collective bargaining agreement. The court permitted the amendment and, after hearing argument on the issue, ordered the parties to submit to binding arbitration under the agreement to determine whether Stillings had been discharged for just cause.[1] The arbitrator concluded that the board had lacked just cause to discharge Stillings and ordered the board to reinstate Stillings with full back pay. On February 16, 1994, the common pleas court overruled the board's motion to vacate the arbitration award and affirmed the arbitrator's decision. The board appeals, raising two assignments of error.

---

1. The trial court entered its order compelling arbitration on October 20, 1992. The board timely appealed from that order. *Stillings v. Franklin Twp. Bd. of Trustees,* Summit App. No. 16033. Stillings moved to dismiss that appeal for lack of a final, appealable order. After consideration, this court granted Stillings's motion and dismissed the appeal on December 16, 1992.

■ In its first assignment of error, the board argues that "[t]he trial court erred in determining the contract in effect at the time of [Stillings's] dismissal contained a provision for arbitration of disciplinary grievances." After carefully reviewing the collective bargaining agreement between the parties, we agree.

Article 6 of the collective bargaining agreement at issue provides the following definition of a "grievance":

"A grievance is a dispute over the specific terms and conditions of this agreement itself including the interpretation, application or alleged violation of specific terms of this Agreement. No other dispute of any nature is considered a grievance for purposes of this agreement. *A grievance does not include any matters reserved to public employers under Section 4117.08 of the Ohio Revised Code.*" (Emphasis added.)

Article 6 further provides:

"The arbitrators shall be expressly limited to the meaning, intent or application of the provisions of this agreement. The arbitrators shall have no power to add to, detract from, or alter in any way the provisions of this agreement."

Article 5 enumerates the matters that are designated in Article 6 as *not* being within the scope of the employee grievance procedure. Entitled "Management Rights," Article 5 provides:

"The Labor Council recognizes those rights that are established under [Section] 4117.08(C) of the Ohio Revised Code as management rights enumerated as follows:

" * * *

"E. Suspend, discipline, demote or discharge for just cause[.]"

Taken together, we find that these provisions clearly and unambiguously establish that employee discipline is a matter that has been reserved to the board and is not covered by the terms of the parties' collective bargaining agreement. Consequently, because institution of disciplinary action against an employee is outside the scope of the collective bargaining agreement, such disciplinary action cannot be subjected to the grievance and arbitration provisions contained in that agreement.

■ Despite the clear and unambiguous language in the agreement, Stillings nevertheless argues that under the controlling case law, "a clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090. Stillings further points to the general rule that in interpreting an arbitra-

tion clause, a court must indulge a strong presumption in favor of arbitrability and resolve any doubts in favor of coverage under the agreement. *Id.; Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1086–1087.

Both *Neubrander* and *Didado* are decisions from this court, and we fully concur in the general rule of law contained in those cases. However, Stillings's interpretation of that rule is overly broad and is not applicable to the facts in this case.

First, the general rule is not absolute. In particular, if a grievance is expressly excluded from the terms of an arbitration clause, or if strong evidence exists of a purpose to exclude the grievance from being subject to the clause, then the mere existence of the arbitration clause will not give rise to the presumption that the grievance is arbitrable. See *Internatl. Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. Loc. Union 20 v. Toledo* (1988), 48 Ohio App.3d 11, 13, 548 N.E.2d 257, 259–260, citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 581–582, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409, 1419.

Furthermore, we emphasized in *Didado* that arbitration clauses are of two types: (1) unlimited clauses providing for arbitration of all disputes that may arise out of the parties' contractual relationship, and (2) limited clauses providing for arbitration of only specific types of contractual disputes. 81 Ohio App.3d at 304, 610 N.E.2d at 1086–1087. Thus, even though the general rule establishes a strong presumption in favor of arbitration, that rule cannot expand the scope of an arbitration clause beyond that which was expressly intended by the parties. Viewed another way, "arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit." *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721, 723.

It is clear from the face of the parties' collective bargaining agreement that they created an arbitration clause restricting arbitration to grievances covered by the terms of the agreement. Article 6 of the agreement expressly provides that "[a] grievance does not include any matters reserved to public employers under Section 4117.08 of the Ohio Revised Code." Under R.C. 4117.08(C)(5), the right to "[s]uspend, discipline, demote, or discharge for just cause" is reserved to public employers. Thus, the parties' collective bargaining agreement expressly excludes from its coverage grievances related to the discipline or discharge of an employee. As a result, Stillings's grievance that he was discharged without just cause was not arbitrable. The board's first assignment of error is sustained.

Because of our disposition of the first assignment of error, we do not need to address the board's second assignment of error. The judgment of the trial court is reversed, and the case is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

DICKINSON and COOK, JJ., concur.