[Cite as *Marion Cty. Sheriff's Office v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 2009-Ohio-6159.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


MARION COUNTY SHERIFF'S OFFICE,

    APPLICANT-APPELLANT,           CASE NO. 9-09-20

    v.

FRATERNAL ORDER OF POLICE,
OHIO LABOR COUNCIL, INC.,           O P I N I O N

    RESPONDENT-APPELLEE.


**Appeal from Marion County Common Pleas Court
Trial Court No. 08 CV 1049**

**Judgment Affirmed**

**Date of Decision:   November 23, 2009**


**APPEARANCES:**

    *Brent W. Yager* **for Appellant**

    *Jonathan J. Downes,* **Labor Counsel for Appellant**

    *Gwen Callendar* **for Appellee**

**PRESTON, P.J.**

{¶1} Appellant-employer, Marion County Sheriff's Office, appeals the Marion County Court of Common Pleas' judgment denying its motion to vacate the arbitrator's award and ultimately affirming the arbitration award in favor of appellee-employee, Deputy Brian Brown, and his representative Fraternal Order of Police, Ohio Labor Council, Inc. (hereinafter "FOP"). For the reasons that follow, we affirm.

{¶2} This matter stems from an arbitration award and largely concerns the issue of whether the grievance submitted for arbitration was arbitrable. The underlying facts of the disciplinary action are generally not in dispute. On or about September 12, 2007, Grievant, Deputy Brian Brown (hereinafter "Grievant"), received a one-day (8-hour) suspension for a violation of the Marion County Sheriff's Office Pursuit Policy and Collective Bargaining Agreement (hereinafter "the CBA"). Grievant had driven his assigned Marion County Sheriff's Office cruiser off the end of a dead-end road, which resulted in $1,996.81 in damages to the cruiser. Grievant, through the FOP, filed a grievance on October 27, 2007, protesting the suspension pursuant to the provisions of the CBA. The grievance was denied on November 1, 2007.

{¶3} Subsequently, the Grievant submitted the suspension to arbitration pursuant to Section 19.3 of Article 19 of the CBA. The Marion County Sheriff's

Office and the FOP agreed to an arbitrator, and a hearing was held before the arbitrator on April 18, 2008. At the hearing, the Marion County Sheriff's Office argued that the grievance was not arbitrable under Section 19.3 of the CBA. On September 24, 2008, the arbitrator found the Marion County Sheriff's Office's interpretation of the CBA provision unpersuasive, found the grievance arbitrable, and ultimately found for Grievant on the merits of the arbitration. Following the decision, the Marion County Sheriff's Office filed a motion to vacate the arbitration award to the Marion County Court of Common Pleas, and the FOP filed a counter-claim with application to confirm the arbitration award. The Marion County Sheriff's Office did not appeal to vacate the portion of the arbitrator's award on the merits, but rather only appealed the issue of arbitrability. The trial court rendered a decision on April 9, 2009, which overruled the motion to vacate the arbitration award and sustained the application to confirm the arbitration award.

{¶4} The Marion County Sheriff's Office now appeals and raises three assignments of error. Because of the nature of the assignments of error, we elect to address them together.

## ASSIGNMENT OF ERROR NO. I

**THE COMMON PLEAS COURT ERRED WHEN IT FOUND THAT SECTION 19.3 OF THE COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PARTIES IS AMBIGUOUS**

**AS TO ITS APPLICATION AS TO DISCIPLINARY ACTIONS WHICH DO NOT QUALIFY FOR APPEAL UNDER THE RULES OF THE STATE PERSONNEL BOARD OF REVIEW.**

**ASSIGNMENT OF ERROR NO. II**

**THE COMMON PLEAS COURT ERRED WHEN IT FOUND THAT THE ARBITRATOR PROPERLY EXERCISED HIS AUTHORITY TO DETERMINE THE APPEAL PROVISION WAS AMBIGUOUS.**

**ASSIGNMENT OF ERROR NO. III**

**THE COMMON PLEAS COURT ERRED IN NOT FINDING THAT THE ARBITRATOR EXCEEDED HIS AUTHORITY IN RENDERING A DECISION.**

{¶5} Essentially, the Marion County Sheriff's Office argues that the trial court erred in finding the arbitrator did not exceed his authority when the arbitrator determined that since the "discipline" provision of the CBA did not exclude the grievance from arbitration, the grievance was arbitrable.

{¶6} Although the parties' main focus in their briefs centers on the issue of whether the arbitrator exceeded his authority when he found that the grievance was arbitrable, we note that, generally, the question of whether a controversy is arbitrable under a contract is a question of law for the trial court to decide upon an examination of the contract. *McGuffey v. LensCrafters, Inc.* (2001), 141 Ohio App.3d 44, 51-52, 749 N.E.2d 825, citing *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, and *Gibbons-Grable Co.*

*v. Gilbane Building Co.* (1986), 34 Ohio App.3d 170, 172, 517 N.E.2d 559. Arbitration is a matter of contract. See *Williams v. Aetna Finance Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. A party cannot be compelled to arbitrate any dispute that he has not agreed to submit to arbitration. *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 621, 617 N.E.2d 780, citing *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721.

{¶7} Here, Article 19 of the CBA, entitled "Grievance Procedure and Arbitration," contains the appropriate definitions and prescribes the requirements for grievances and arbitration. Section 19.1 states that the purpose of the grievance procedure is to provide "a formal mechanism intended to assure the employee grievances arising from those misunderstandings that will inevitably develop in the day-to-day activities of public service are promptly heard, answered, and appropriate action taken to correct a particular situation." Section 19.2 provides the definition of "grievance" as follows:

> **an allegation by a bargaining unit employee or the Employer that there has been a breach, misinterpretation, or improper application of this Agreement. It is not intended that the grievance procedure be used to effect changes in the articles of this Agreement nor those matters not covered by this Agreement which are controlled by resolutions of the Marion County Board of Commissioners, or by the provisions of Federal and/or State laws and/or by the United States or Ohio Constitutions.**

{¶8} In addition, Section 19.5 provides the procedural steps that an aggrieved party must follow when presenting a grievance. These include: properly

submitting the grievance to his supervisor; then to the sheriff if the grievance is not resolved by the supervisor; and then, if the grievance is still not satisfactorily resolved, the grievant then may submit his grievance to arbitration. The FOP and the Employer respectively have the right to decide whether to submit a grievance for arbitration. Moreover, with respect to the arbitrator's powers, the CBA provides that:

> **The arbitrator shall limit his or her decision strictly to the interpretation, application, or enforcement of the specific articles and sections of this Agreement, and shall be without power or authority to make any decision:**
> **1. Contrary to or inconsistent with or modifying or varying in any way the terms of this Agreement or of applicable laws.**
>
> **\* \* \***
>
> **3. Contrary to, inconsistent with, changing, altering, limiting, or modifying any practice, policy, rules, or regulations presently or in the future established by the Employer so long as such practice, policy, rules, or regulations do not conflict with this Agreement.**
>
> **\* \* \***

Furthermore, Section 19.7 provides that the "decision of the Arbitrator resulting from any arbitration of any grievances hereunder shall be in writing and shall be final and binding upon the Employer, the Union and the employee or employees involved."

{¶9} The problematic section in this appeal involves the language in the "Discipline" provision in Section 19.3 of the Grievance Procedure and Arbitration portion of the CBA. Section 19.3 reads as follows:

> **Any employee who wishes to appeal disciplinary action taken by the Employer against him or her which disciplinary action is of a nature that qualifies for appeal under the Rules of State Personnel Board of Review, but shall utilize the grievance procedure contained in this Agreement as his or her sole remedy.**

Additionally, the rules of the State Personnel Board of Review (hereinafter "the SPBR"), which are provided for in Ohio Administrative Code Section 23:1-31-01, state that an individual can only appeal "[a] removal, reduction in pay or position * * * a suspension of twenty-four or more work hours in the case of an employee required to be paid overtime compensation."

{¶10} The Marion County Sheriff's Office interprets Section 19.3 to mean that those disciplinary actions which do not qualify for appeal under the rules of the SPBR cannot be arbitrated. Thus, because Grievant's suspension did not qualify for an appeal to the SPBR, the Marion County Sheriff's Office claims he was excluded from utilizing the CBA's grievance procedure. Conversely, the FOP claims, and the arbitrator agreed, that this provision only provides for disciplinary actions which would qualify for appeal under the rules of the SPBR, but it is silent as to disciplinary actions such as that taken against the Grievant (an 8-hour suspension).

{¶11} Arbitration clauses are typically of two types: "(1) [u]nlimited clauses providing for arbitration of all disputes that may arise out of the parties' contractual relationship, and (2) limited clauses providing for arbitration of only specific types of contractual disputes." *Stillings v. Franklin Township Bd. of Trustees* (1994), 97 Ohio App.3d 504, 508, 646 N.E.2d 1184. If there is ambiguity as to what type of arbitration clause is contained in an agreement, or whether arbitration is appropriate under the circumstances, all doubts must be resolved in favor of arbitration. *Union Tp. v. Union Tp. Professional Firefighters' Local 3412* (Feb. 14, 2000), 12th Dist. No. CA99-08-082, at *5, citing *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089; *Stillings*, 97 Ohio App.3d at 507-08. The general rule is that there is a strong presumption in favor of arbitrability when interpreting an arbitration clause. Id. This presumption may be rebutted by evidence of an express exclusion or "the most forceful evidence of a purpose to exclude the claim from arbitration." Id., quoting *Intl. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union 20 v. Toledo* (1988), 48 Ohio App.3d 11, 13, 548 N.E.2d 257.

{¶12} When looking at the provision's plain language, we find that Section 19.3 is confusing as a whole and incomplete in terms of providing for all disciplinary actions taken by the Marion County Sheriff's Office. The Section

explicitly only speaks to disciplinary actions which qualify under the rules of the SPBR: "[a]ny employee who wishes to appeal disciplinary action taken by the Employer against him or her which disciplinary action is of a nature that qualifies for appeal under the Rules of State Personnel Board of Review * * *." The remaining portion of the section, which we note is worded awkwardly, appears to limit that designated class' remedy to only utilizing the CBA's grievance procedure: "but shall utilize the grievance procedure contained in this Agreement as his or her sole remedy." When read in its entirety, the Section essentially has designated a specific class of individuals (those whose appeals would qualify under the rules of the SPBR), and has limited the class' remedy to only using the grievance procedure in the CBA. There is no language in the section which limits the *grievance procedure* to only that class of individuals; rather, the section limits that *particular class* to the CBA's grievance procedure. Essentially, there is a lack of an express exclusion to those individuals who would not qualify for appeals under the rules of the SPBR within the CBA.

{¶13} Nevertheless, the Marion County Sheriff's Office claims that Section 19.3 has incorporated the rules of the SPBR into the CBA, and that it is unambiguous that only those grievances that would qualify for an appeal under the SPBR rules can be arbitrated under the CBA. It is clear, and the parties do not dispute, that under the SPBR rules this grievance would not have qualified for

appeal – the Grievant received an 8-hour suspension and the SPBR rules require a suspension of 24-hours or more in order to have the right to appeal. However, while the SPBR rules may have been stated in Section 19.3 of the CBA, it is the language of the CBA that controls this dispute, not the rules of the SPBR. See R.C. 4117.10(A). See, also, *Saadey v. Mahoning County Engineers* (June 28, 2002), 7th Dist. No. 01 CA 82, at *6, 2002-Ohio-3464, ¶43. Moreover, the language of Section 19.3 is not written in a way that expressly incorporates the restrictions and limitations prescribed in the rules of the SPBR into the rules of the CBA; rather, the effect of the language is to only prescribe the arbitration procedure as the sole remedy for those members that would qualify under the rules.

{¶14} Furthermore, under the terms of the CBA, the arbitrator has the sole authority to determine what grievances are arbitrable. Even though questions involving whether a grievance is arbitrable are generally for the trial court to decide, parties may expressly confer power upon an arbitrator to his jurisdiction, along with the subject matter of the grievance. *Union Twp., Clermont Cty. v. Union Twp. Professional Firefighters' Local 3412* (Apr. 16, 2001), 142 Ohio App.3d 542, 547-48, 756 N.E.2d 204, citing *Springfield Local Ass'n. of Classroom Teachers v. Springfield Local School Dist. Bd. of Edn.* (1987), 37 Ohio App.3d 167, 168, 525 N.E.2d 27; *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 319,

668 N.E.2d 951; *F.O.P. Lodge #126 v. Austintown Tp.* (Apr. 4, 1991), 7th Dist.

No. 90 C.A. 31, at *1. Here, Section 19.6 of the CBA provides for the

determination of arbitrability:

> **The question of arbitrability of a grievance may be raised by either party before the arbitration hearing of the grievance, on the grounds that the matter is non-arbitrable or beyond the arbitrator's jurisdiction.** *The first question to be placed before the arbitrator will be whether or not the alleged grievance is arbitrable.* **If the arbitrator determines the grievance is within the purview of arbitrability, the alleged grievance will be heard on its merits before the same arbitrator.**

(Emphasis added). Where the parties have clearly and unmistakenly given the

arbitrator the authority to decide the issue of arbitrability, as in the case here, the

question of whether a matter is arbitrable is to be decided by the arbitrator and not

the court. *Belmont Cty. Sheriff v. Fraternal Order of Police, Ohio Labor Council,

Inc.*, 104 Ohio St.3d 568, 2004-Ohio-7106, 820 N.E.2d 918, ¶¶14-18 (finding that,

based on the exact language above, the CBA "clearly and unmistakenly place[d]

the question of arbitrability before the arbitrator for determination").

{¶15} Here, the arbitrator looked to the provisions of the CBA in its

decision on whether the matter submitted by Grievant could be arbitrated. The

arbitrator found, as we acknowledged above, that Section 19.3 only applies to

employees who wish to appeal disciplinary actions which qualify for appeal under

the rules of the SPBR. In addition, he found that Section 19.3 does not provide for

those disciplinary actions which do not qualify under the SPBR rules, and there

-11-

was nothing in Section 19.3, nor in the rest of the CBA, which precluded those matters from being arbitrated. The arbitrator then looked to the remainder of the CBA and found that in other provisions the term "suspension" had not been qualified or limited in terms of length of hours. As a result of the above findings, he held that the matter submitted by Grievant was arbitrable. We believe that his interpretation was reasonable in light of Section 19.3's plain language and based on the fact that the arbitrator was given the power to determine what was arbitrable.

{¶16} Therefore, not only did the arbitrator have the power to decide whether the grievance was arbitrable under the CBA, but given the language of Section 19.3, we find that the trial court did not err when it denied the Marion County Sheriff's Office's motion to vacate the arbitrator's award.

{¶17} The Marion County Sheriff's Office's assignments of error are, therefore, overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurring separately.**

{¶18} I concur separately because I agree that in this case, the arbitrator had the right to arbitrate this decision. Section 19.6 of the CBA gave the arbitrator sole discretion to determine whether an issue may be arbitrated. The parties

submitted this issue to the arbitrator and that arbitrator determined that the issue was subject to the arbitration agreement. Thus, the arbitration decision is binding and I concur with the conclusion of the majority.

{¶19} But for the foregoing, I would not agree that an eight hour suspension is necessarily subject to the arbitration clause. The majority correctly states that arbitration can only be compelled if the parties have agreed to submit such disputes to the arbitration process. There is nothing in the CBA which says an eight hour suspension is subject to arbitration. Section 19.3 of the CBA merely states that disciplinary actions taken which qualify for appeal under SBPR rules, i.e. a 24 hour/three day suspension, are subject to arbitration. The majority seems to say that since there is nothing that says an eight hour suspension is not subject to arbitration, it must be arbitrated. This is inconsistent with the law which provides that arbitration cannot be compelled absent an agreement to arbitrate a dispute. *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 617 N.E.2d 780. Thus, I do not concur with that portion of the decision.

**SHAW, J., concurring separately.**

{¶20} In my view, Section 19.3 of the Grievance Procedure and Arbitration portion of the CBA is more than just confusing or awkwardly worded. Whether it was originally worded in its present form or was subsequently amended without

adequate proof reading, the fact remains that it is completely unintelligible as currently written. As such, any discussion or comment upon the apparent meaning of the section or its relevance to the current appeal is, in my view, entirely speculative.

{**¶21**} I would affirm the judgment of the trial court solely on the basis of the plain meaning of Section 19.6 of the CBA in the context of the remaining law and rationale of the lead opinion, without reference to Section 19.3. On this basis alone I concur in the lead opinion and judgment of this court.

/jlr