[Cite as *GB AZ 1, L.L.C. v. Arizona Motors, L.L.C.*, 2011-Ohio-1808.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    95502

## GB AZ 1, LLC

PLAINTIFF-APPELLEE

vs.

## ARIZONA MOTORS, LLC, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-719497

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   April 14, 2011

**ATTORNEYS FOR APPELLANTS**

Stephen B. Doucette
Mark R. Koberna
Rick D. Sonkin
Sonkin & Koberna, Co., LPA
3401 Enterprise Parkway
Suite 400
Cleveland, OH 44122


**ATTORNEYS FOR APPELLEE**

**For GB AZ 1, LLC**

J. Kurt Denkewalter
J. Kurt Denkewalter, LLC
110 South Huntington Street
Medina, OH 44256


**Also listed:**

**For Volkswagen of America, Inc.**

David A. Schaefer
McCarthy, Lebit, Crystal & Liffman Co.
1800 Midland Building
101 Prospect Avenue
Cleveland, OH 44115

KATHLEEN ANN KEOUGH, J.:

**{¶ 1}** Defendants-appellants, Arizona Motors, LLC, Joseph Huang, Kevin Whalen, and Seth Severin (collectively "appellants"), appeal from the trial court's decision denying their motion to compel arbitration and stay all proceedings pending arbitration. Finding no merit to the appeal, we affirm.

**{¶ 2}** In May 2010, plaintiff-appellee, GB AZ 1, LLC ("appellee"), filed an amended complaint against Volkswagen of America, Inc., Joseph Abbass, and appellants alleging breach of contract, promissory estoppel, fraud, unjust enrichment/quantum meruit, fraudulent inducement, civil conspiracy, and negligent misrepresentation. These causes of action arose out of a business deal whereby appellee and appellants agreed to purchase and develop property in Peoria, Arizona for the purposes of establishing a Volkswagen car dealership. The terms and conditions of the agreement were set forth in a Joint Venture Agreement that all parties executed in 2007. Appellee terminated the business relationship and filed its amended complaint alleging damages.

**{¶ 3}** In response, appellants filed their answer and a motion to compel arbitration and stay proceedings pending arbitration. Appellants demanded that the matter be submitted to arbitration pursuant to an arbitration provision contained in a Lease Agreement executed only by appellee and appellant Arizona Motors.

**{¶ 4}** Appellee maintained, however, that the Lease Agreement was not at issue and did not control this matter. Instead, appellee argued that the Joint Venture Agreement executed by all parties was the contract in dispute and upon which the amended complaint was based. Because the Joint Venture Agreement did not contain an arbitration provision, appellee requested that the court deny the motion to compel. The trial court agreed with appellee and denied appellants' motion to compel arbitration and stay proceedings pending arbitration.

**{¶ 5}** Appellants appeal, raising as their sole assignment of error that the trial court erred in denying their motion to compel arbitration and stay all proceedings pending arbitration.

**{¶ 6}** This court has previously been split as to the standard of review for the granting or denial of a motion to compel arbitration and to stay proceedings pending arbitration. See *Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393, citing *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482 (holding that the question of whether a party has agreed to submit an issue to arbitration is a question of law requiring de novo review). Cf. *Bevan v. Owens-Illinois, Inc.*, Cuyahoga App. No. 84776, 2005-Ohio-2323; *Sikes v. Ganley Pontiac Honda* (Sept. 13, 2001), Cuyahoga App. No. 79015 (holding that the appropriate standard of review is abuse of discretion).

{¶ 7}  In *Taylor v. Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12,, the Ohio Supreme Court clarified this issue and held that when determining the alleged unconscionability of an arbitration clause, the reviewing court must conduct a de novo review.

{¶ 8}  However, the issue before this court does not involve an allegation of unconscionability or enforceability of an arbitration clause. Rather, the issue is whether the allegations in the amended complaint pertain to the Lease Agreement, thereby invoking the arbitration provision contained therein, or whether the allegations arise from the Joint Venture Agreement, which does not contain an arbitration provision.  Resolving this issue requires us to simply review the factual allegations contained in the amended complaint and determine what document gives rise to the controversy between the parties.

{¶ 9}  Regardless of which standard of appellate review this court applies, abuse of discretion or de novo, we find that the trial court did not err in denying appellants' motion to compel arbitration and stay proceedings pending arbitration.

{¶ 10} Appellants contend that the claims and facts alleged in the amended complaint "fall squarely within the language of the arbitration provision, which covers 'any dispute, controversy or claim arising out of or relating to' the Lease."  Reviewing the amended complaint, we disagree and

find that no dispute, controversy or claim alleged in the amended complaint arises out of the Lease Agreement.

{¶ 11} The allegations contained in the amended complaint pertain solely to the Joint Venture Agreement, wherein the parties agreed to purchase and develop property in Peoria, Arizona for the purposes of establishing a Volkswagen car dealership. Paragraph 37 of the amended complaint alleges that appellee terminated the Joint Venture Agreement in January 2008 and demanded reimbursement for monies expended in connection with purchasing the Peoria site. This termination was prior to the execution of the Lease Agreement.

{¶ 12} Additionally, paragraph 49 of the amended complaint alleges that the Lease Agreement was executed in July 2008, but that it never "(1) commenced, (2) became effective or (3) became an enforceable contract for many reasons including, without limitation, the Defendants [sic] inability to provide the tri-party agreement with Defendant Volkswagen." Although the Lease Agreement was executed between appellee and appellant Arizona Motors, the amended complaint contains no allegation that damages resulted from nonperformance under the Lease Agreement. In fact, appellants maintain in their appellate brief that "[i]t is undisputed that Arizona Motors was not awarded the Volkswagen franchise that would have made the dealership successful and the Lease marketable." After reviewing the terms

of the Lease Agreement, it is questionable whether the Lease Agreement commenced or became effective for the appellee to even assert a claim against it.

{¶ 13} Therefore, we find that the allegations and causes of action giving rise to the amended complaint pertain to the Joint Venture Agreement, which does not contain an arbitration provision. "[A]rbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit." *Stillings v. Franklin Twp. Bd. of Trustees* (1994), 97 Ohio App.3d 504, 508, 646 N.E.2d 1184. Accordingly, the trial court did not err in denying appellants' motion to compel arbitration and stay proceedings. The assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR