DIDADO et al., Appellees,

v.

LAMSON & SESSIONS COMPANY, Appellant.

[Cite as *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302.]

Court of Appeals of Ohio,
Summit County.

No. 15273.

Decided March 11, 1992.

*Paul R. Hoffer,* for appellees.

*Jeffrey J. Casto* and *Amie L. Bruggeman,* for appellant.

CACIOPPO, Judge.

In 1982, the appellees, John Didado et al., installed an energy management system in the factory of the appellant, Lamson & Sessions Company, pursuant to a written agreement. The agreement provided that the parties would equally split the savings brought about by the system. In 1985, the agreement was modified so that the appellees would be paid a flat rate of $2,000 per month.

In 1989, the appellant fell behind in the aforementioned monthly payments, resulting in the appellees' efforts to regain possession of the system. When these efforts failed, the appellee filed a complaint in Summit County Common Pleas Court seeking, *inter alia,* payments due under the contract and return of the system or the value of the system.

The cause proceeded to a jury trial, wherein judgment was rendered in favor of the appellees in the amount of $138,000.

### Assignment of Error No. I

"The trial court erred by failing to dismiss this action for lack of subject matter jurisdiction over issues the parties contractually agreed to submit to binding arbitration."

Before proceeding to the remaining assignments of error, we must first determine whether the cause should have been referred to arbitration pursuant to an arbitration provision in the agreement. The arbitration provision in

question provides that "[d]isputes concerning this agreement shall be submitted to arbitration before the American Arbitration Association; however either party may seek injunctive relief. * * *"

Arbitration clauses are of two types: unlimited clauses providing for arbitration of any kind and all disputes arising out of a contract; and limited clauses providing for a specific type of dispute arising out of a contract. *Spitaleri v. Forest City Ent., Inc.* (Nov. 25, 1987), Summit App. No. 13144, unreported, 1987 WL 25755. In the cause at bar, the broad language of the provision indicates that it is of an unlimited nature. Thus, we must determine whether the dispute at bar is a dispute "concerning the agreement."

The complaint sought past payments due and repossession of the system or the value thereof. The complaint, motion to dismiss, and the briefs of the parties indicate that the major issues were payments due under the contract and who, under the provisions of the contract, had become the owner of the system.

R.C. 2711.01(A) provides:

"A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

A clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559. In examining such a clause, a court must bear in mind the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause. *Siam Feather & Forest Prod. Co., Inc. v. Midwest Feather Co.* (S.D.Ohio 1980), 503 F.Supp. 239, affirmed (C.A.6, 1981), 663 F.2d 1073; *Gibbons–Grable Co., supra; Independence Bank, supra.*

In the case at bar, the language of the agreement demonstrates that it was the intent of the parties to have an arbitrator decide disputes concerning the interpretation of the agreement. *Avon Lake v. Internatl. Assn. of*

*Firefighters, Local 1361* (Apr. 5, 1989), Lorain App. No. 88CA004384, unreported, 1989 WL 32578. As the subject dispute appears to have its origin in the agreement between the parties, and all doubts must be resolved in favor of arbitration, we hold that the trial court erred in failing to grant the appellant's motion to dismiss or refer the cause to arbitration.

As the cause should have been referred to arbitration pursuant to the agreement between the parties, the cause should not have proceeded to a jury trial wherein the appellant alleges the errors assigned in the remaining assignments of error were made. Therefore, we need not address the remaining assignments of error.

The judgment of the trial court is reversed and the cause is remanded to the trial court for an order referring the cause to arbitration in accordance with the agreement.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and COOK, J., concur.