**NEUBRANDER, Appellant,**

v.

**DEAN WITTER REYNOLDS, INC., Appellee.**

[Cite as *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308.]

Court of Appeals of Ohio,
Summit County.

No. 15271.

Decided April 1, 1992.

*Ronald G. Macala* and *Salvatore J. Falletta,* for appellant.
*Robert N. Rapp,* for appellee.

CACIOPPO, Judge.

Appellant, David Neubrander, was employed by the appellee, Dean Witter Reynolds, Inc. ("Dean Witter"), as an account executive from November 1985 to January 1989. To become a registered representative of Dean Witter, Neubrander completed an application for securities industry registration.

Contained in the subject registration form were two provisions which state as follows:

"I hereby apply for registration with the organizations and states indicated in item 10 as may be amended from time to time and, in consideration of each organizations and states receiving and considering my application, I submit myself to the jurisdiction of such states and organizations and hereby certify that I agree to abide by, comply with, and adhere to all the provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the states and organizations as they are and may be adopted, changed or amended from time to time, and I agree to comply with, be subject to and abide by all such requirements and all rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by such states and organizations, subject to right of appeal as provided by law; and I agree that any decision of such states and organizations as to the results of any examination(s) that I may be required to pass will be accepted by me as final. * * *

"I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time. * * *"

New York Stock Exchange Rule 347 provides as follows:

"Controversies as to Employment or Termination of Employment

"Rule 347. Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules."

Neubrander resigned from Dean Witter in 1989. Following his resignation, Dean Witter sent letters to clients outlining Neubrander's departure, its posture as to the potential conflicts involved, and discouraging clients from transferring their accounts to Neubrander's new employer. Neubrander subsequently filed suit against Dean Witter for funds retained in an "Active Assets Account" and for damages resulting from Dean Witter's alleged false, defamatory, and misleading statements to the clients he had serviced. An amended complaint withdrew the first count of the complaint wherein Neubrander sought the return of the funds in the "Active Assets Account."

In response to Neubrander's complaint, Dean Witter filed a motion to stay proceedings and compel arbitration, which was granted by the trial court. Neubrander appeals, asserting the following assignments of error:

### Assignments of Error

"I. The trial court erred in concluding that obligations undertaken by appellant in his application for registration constituted an employment contract between appellant and appellee Dean Witter Reynolds.

"II. In the alternative, the lower court erred in determining that appellant should have no opportunity to demonstrate unequal bargaining power in executing the application for registration.

"III. The lower court erred by failing to deny enforcement of any such bargain as may be raised by appellee Dean Witter Reynolds, as an unconscionable bargain because it purported to waive a right to a jury trial.

"IV. The lower court erred in failing to find that any promise of arbitration contained in the application for registration would be an unconstitutional waiver of a right to a jury trial.

"V. In the alternative, the lower court erred in concluding that the application for registration constituted appellant's agreement to arbitrate the dispute involved on these facts."

This court will not address the first assignment of error as it was waived by appellant's counsel at the oral argument on this matter. The remaining assignments of error will be addressed together as they are interrelated.

It is well recognized that a clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559; *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 610 N.E.2d 1085. In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability. *Id.*

In his second assignment of error, Neubrander contends that the registration form was executed as a result of unequal bargaining power. Such arguments have been met with considerable disregard by the United States Supreme Court. See *Gilmer v. Interstate/Johnson Lane Corp.* (1991), 500 U.S. ——, 111 S.Ct. 1647, 114 L.Ed.2d 26; *Rodriguez de Quijas v. Shearson/Am. Express, Inc.* (1989), 490 U.S. 477, 109 S.Ct.1917, 104 L.Ed.2d 526; *Shearson/Am. Express, Inc. v. McMahon* (1987), 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185, rehearing denied (1987), 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819. "Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer, supra,* 500 U.S. at ——, 111 S.Ct. at 1655, 114 L.Ed.2d at 41. In the case at bar, as in *Gilmer,* there is no indication that Neubrander, an educated businessman, was coerced or defrauded into agreeing to the arbitration clause. While Neubrander raised the issue in his supplemental response to the motion to compel arbitration, he failed to provide the trial court with anything more than mere conclusory allegations as to how unequal bargaining power existed in his situation.

In his third and fourth assignments of error, Neubrander asserts that enforcement of the arbitration provision deprived him of his right to a jury trial. We do not agree. As stated by the Supreme Court of Iowa: "The rule in more recent cases, the one which we strongly prefer and adopt, is that constitutionality of an arbitration is not compromised by the fact that one party is required to submit to it as a condition for entering a specific activity." *Reicks v. Farmers Commodities Corp.* (Iowa 1991), 474 N.W.2d 809. We do not believe that the trial court erred by refusing Neubrander's requests to avoid arbitration where the record reflects nothing more than Neubrander's voluntary acceptance of the arbitration terms over a chance to litigate his claims to a jury. Nor do we believe such a clause to be unconscionable. The "basic test of unconscionability of contract is whether under circumstances

existing at the time of making of contract and in light of general commercial background and commercial needs of particular trade or case, clauses involved are so one-sided as to oppress or unfairly surprise party." Black's Law Dictionary (5 Ed.Rev.1979) 1367. In the cause at bar, there is nothing to suggest that the arbitration clause was one-side or oppressed or surprised Neubrander. Accordingly, Neubrander's contentions as to the deprivation of his right to a jury trial are without merit.

In his fifth assignment of error, Neubrander contends that the trial court erred in concluding that the registration form constituted an agreement to arbitrate under the facts at bar. We do not agree. The dispute in question had its origin in Neubrander's employment with Dean Witter and activities engaged in prior to his departure to join a competitor. Arbitration clauses are of two types: unlimited clauses providing for arbitration of all disputes arising out of a contract; and limited clauses providing for a specific type of dispute arising out of a contract. *Didado, supra.* Given the broad language of the registration form and Rule 347 and the judicial preference in favor of arbitration where there is some question as to arbitration coverage, see *Didado, supra; Independence Bank, supra; Gibbons–Grable Co., supra,* we must conclude that the trial court did not err in determining that the subject dispute was covered by the arbitration clause.

The assignments of error are without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.