OPINION
Defendants, Victoria and Brett Jaffe, appeal a December 6, 1999 decision of the Franklin County Court of Common Pleas staying this action pending arbitration. Defendants raise the following assignment of error:
 The trial court below erred in granting a stay of the proceedings to permit the parties to the lawsuit to arbitrate their dispute in the absence of compliance, by the party requesting arbitration, with the conditions precedent to arbitration set forth in the contract between the parties, as a result of which, in the absence of a similar request by the responding party, the party so requesting has waived the right to arbitrate the dispute as a matter of fact and law.
On December 2, 1997, plaintiff, Baker-Henning Productions, Inc., and defendants, Victoria and Brett Jaffe, entered into a contract for the renovation of the defendants' garage. During the course of construction, plaintiff was paid approximately $60,000. However, defendants refused to pay the final invoice submitted by the plaintiff, disputing both the amount owed, as well as the quality of workmanship rendered. As a result, plaintiff filed an affidavit for a mechanic's lien against defendants' property. Thereafter, defendants served notice upon the plaintiff in accordance with R.C. 1311.11, which provides that "[t]he owner * * * [of] real property upon which a lien has been taken * * * may notify the lienholder to commence suit on the lien, by written notice delivered to the lienholder. * * * If the lienholder fails to commence suit upon the lien within sixty days after completion of service upon him of the notice to commence suit * * * the lien is void and the property wholly discharged from the lien."
In accordance with the defendants' notification, plaintiff filed suit on August 31, 1999. However, two days later, plaintiff moved the court to stay this action pending arbitration in accordance with R.C. 2711.02, and Section 10.8 of the parties' contract, which provides that:[1]
 All claims or disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 10.5. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. * * * The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.
When presented with a motion to compel arbitration, a state court must first determine whether the parties agreed to arbitrate the dispute by applying the "federal substantive law of arbitrability." Weiss v.Voice/Fax Corp. (1994), 94 Ohio App.3d 309, 313, citing MitsubishiMotors Corp. v. Soler Chrysler-Plymouth, Inc. (1985), 473 U.S. 614, 626,105 S.Ct. 3346, 3353. See, also, Roberts v. Bank of America NTSA (Nov. 7, 1995), Franklin App. No. 95APE02-147, unreported.
The federal substantive law of arbitrability was set forth by the United States Supreme Court in Prima Paint Corp. v. Flood Conklin Mfg.Co. (1967), 388 U.S. 395, 87 S.Ct. 1801. Under Prima Paint, the existence of a contract containing a broad arbitration agreement, which was admittedly signed by the contractual parties, creates a presumption that the parties agreed to arbitrate all disputes, including those regarding the validity of the contract in general. Id. In other words, an agreement for dispute resolution by arbitration will not be denied effect unless it may be said with positive assurance that the agreement is not susceptible to an interpretation that covers the asserted dispute.Neubrander v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308,311.
Ohio law encourages participation in arbitration over litigation. ABMFarms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 500; Kelm v. Kelm
(1993), 68 Ohio St.3d 26. R.C. 2711.01(A) provides that:
 A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.
The defendants do not dispute that they entered into an agreement to resolve "all claims or disputes" with the plaintiff through binding arbitration. However, they now seek to avoid that agreement arguing: (1) that the plaintiff waived its right to seek arbitration when it filed suit to foreclose its lien against defendants' property, and (2) that the plaintiff has failed to comply with the conditions precedent to arbitration.
While a party to an arbitration agreement may waive the right to proceed with arbitration, we do not accept the defendants' contention that the filing of suit always constitutes such a waiver. In so finding, we adopt a balancing test such as that utilized by the Cuyahoga County Court of Appeals in Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, unreported. Therein, the court stated that "[t]he essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Id.
When viewing the "totality of the circumstances," we consider the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions.
Applying this analytical framework to the facts of this case, we are unable to conclude that the plaintiff has waived its right to seek arbitration in accordance with the contract. Although it filed suit, plaintiff did so only in response to the defendants' R.C. 1311.11
notification, and immediately thereafter moved the trial court for a stay of the proceedings. Moreover, aside from the filing of the complaint, the only legal action taken by the plaintiff in this case has been in response to the defendants' attempts to avoid arbitration. Additionally, neither party has expended time or money conducting discovery, pretrial motions, or trial preparation. As such, this is not a case where the defendants will be prejudiced by dilatory conduct by the plaintiff.
Finally, defendants incorrectly argue that the trial court, and this court on appeal, must decide whether or not the parties have complied with the conditions precedent to arbitration.
We believe the United States Supreme Court's decision in Wiley Sons,Inc. v. Livingston (1964), 376 U.S. 543, 84 S.Ct. 909, to be both instructive and controlling. Therein, the Court was presented with a challenge of so called "procedural arbitrability." Specifically, the plaintiff argued that the arbitration agreement provided for arbitration as the third step of an agreed upon grievance procedure. Plaintiff went on to argue that since the first and second steps had not been followed, it had no duty under the third step to arbitrate the dispute with the defendant. Addressing this argument, the Supreme Court responded:
 Once it is determined * * * that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly "procedural," and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award. In view of the policies favoring arbitration and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are likely to be rare indeed. In all other cases, those in which arbitration goes forward, the arbitrator would ordinarily remain free to reconsider the ground covered by the court insofar as it bore on the merits of the dispute, using the flexible approaches familiar to arbitration. Reservation of "procedural" issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort. [Id. at 558, 919.]
Indeed, more recently this court explained in Reynoldsburg City SchoolDist. Bd. of Edn. v. Reynoldsburg School Support Assn. (June 4, 1991), Franklin App. No. 90AP-1233, unreported, that:
 * * * seeking court intervention as to whether there should or should not be arbitration and when facts are in dispute does not comport with the accepted policy favoring arbitration and removing these issues from the court. * * *
Having found no waiver of the plaintiff's right to pursue arbitration and, further, having found that the procedural prerequisites should be left to the arbitrator, we overrule defendants' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
 _______________________ PETREE, J.
DESHLER and BROWN, JJ., concur.
[1] The Ohio Arbitration Act allows for either direct or indirect enforcement of an agreement to arbitrate, either (1) through an order to compel arbitration pursuant to R.C. 2711.03, or (2) through an order staying proceedings pursuant to R.C. 2711.02. Specifically, R.C. 2711.03
allows any party aggrieved by the failure of another to perform under a written agreement to arbitrate, to petition the court for an order directing such arbitration. Conversely, R.C. 2711.02 provides for indirect enforcement whereby a party seeks a stay of any further proceedings.