JOURNAL ENTRY and OPINION
The appellant herein, Hunter Realty, Inc., appeals from the ruling of the trial court denying its motion to stay proceedings pending arbitration. Because we find that the arbitration clause in question is not enforceable because of its non-binding nature, and because the appellant lacks standing to enforce the arbitration agreement as it was not a party thereto, we affirm the ruling of the trial court.
On May 14, 1990, the appellee, Susan Spalsbury, filed the within seven count complaint against her former employer, Hunter Realty, seeking relief under the terms of the shareholders' agreement she had signed along with the other shareholders of Hunter Realty, as well as injunctive and equitable relief. Prior to the appellee filing the instant lawsuit, the appellant had already instituted an arbitration proceeding with the American Arbitration Association. The dispute between the parties centers around the rights of the appellee in the appellant corporation under the terms of the shareholders' agreement. The appellee maintains that the appellant has attempted to unilaterally remove her from her position with the company in contravention of the terms of the shareholders' agreement. According to the appellee, under the terms of the shareholders' agreement, she is an executive vice-president, owns a twenty percent interest in the company, and can never be removed from her position within the company without her written consent.
The sole question involved in the within appeal is whether the trial court erred in denying the appellant's motion to stay proceedings. The appellant presents one assignment of error for this court's review:
 I. THE TRIAL COURT ERRED IN OVERRULING HUNTER REALTY'S MOTION TO STAY PENDING ARBITRATION BECAUSE:
 (i) SPALSBURY'S CLAIMS FOR EQUITABLE RELIEF COULD NOT PREVENT THE TRIAL COURT FROM STAYING HER CLAIMS FOR COMPENSATORY RELIEF;
 (ii) HUNTER REALTY IS A PROPER PARTY TO PROCEEDINGS UNDER THE ARBITRATION CLAUSE OF THE SHAREHOLDERS' AGREEMENT; AND
 (iii) THE ARBITRATION CLAUSE IS ENFORCEABLE UNDER OHIO LAW.
Since the interpretation of the arbitration provision in the employment contract is a question of law, we review it de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
R.C. 2711.02 states:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
In Gaffney v. Powell (1995), 107 Ohio App.3d 315, 320, the first district court of appeals reviewed the public policy rationales favoring arbitration as a means of dispute resolution:
 As a matter of policy, the law favors and encourages arbitration. Brennan v. Brennan (1955), 164 Ohio St. 29, 128 N.E.2d 89, paragraph one of the syllabus. A clause in a contract which provides for arbitration should not be denied effect unless it is not susceptible to an interpretation that covers the dispute. Gibbons-Grable Co., supra, citing with approval Siam Feather Forest Products Co. v. Midwest Feather Co. (S.D.Ohio 1980), 503 F. Supp. 239, affirmed (C.A.6., 1981), 663 F.2d 1073.
 Ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration. Volt Information Sciences v. Bd. of Trustees (1989), 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488; Didado v. Lamson Sessions Co. (1992), 81 Ohio App.3d 302, 610 N.E.2d 1085; Independence Bank v. Erin Mechanical (1988), 49 Ohio App.3d 17, 550 N.E.2d 198.
It is not disputed that the shareholders' agreement in question was made between the shareholders of the appellant corporation and that the corporation itself was not a party. None of the other shareholders of the corporation were named as defendants in this action. The various shareholders who signed the shareholders' agreement were agreeing to non-binding arbitration only as to disputes between the shareholders; there was never an agreement to arbitrate controversies that might arise between an individual shareholder and the corporation itself. It seems to this court that this omission of the corporation as a party to the agreement and/or as a party to a separate agreement(s) between individual shareholders and the corporation must have been obvious to all concerned at the time that the shareholders' agreement was executed.
The appellant has attempted to persuade this court that the corporation should be considered a constructive party to the shareholders' agreement because the very nature of the dispute demonstrates that the appellee's claims are subject to arbitration under the shareholders' agreement. Specifically, the appellant points out that within the shareholders' agreement the corporation is granted certain rights, including the right of first refusal for the purchase of shares from any shareholder and the right to void improper transfers of shares. The appellant draws our attention to Gaffney, supra, wherein it was held that a spouse's loss of consortium claim was subject to the mandatory arbitration clause contained in the employment contract between his wife and her employer. We are not persuaded by this analogy as the claim in Gaffney was purely derivative in nature.
In Council of Smaller Enters. v. Gates, McDonald Co. (1998),80 Ohio St.3d 661, 665; 687 N.E.2d 1352, the Ohio Supreme Court stated:
 * * * arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' * * * This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." ATT Technologies, 475 U.S. at 648-649, 106 S.Ct. at 1418, 89 L.Ed.2d at 655, quoting Warrior v. Gulf, supra, 363 U.S. at 582, 80 S.Ct. at 1353, 4 L.Ed.2d 1417. (Emphasis sic.)
The Ohio Supreme Court therein also stated that in those situations where there is a question as to whether a party has agreed to an arbitration clause, there is actually a presumption against arbitration:
 In the First Options situation, on the other hand, the presumption is against arbitrability because there is serious doubt that the party resisting arbitration has empowered the arbitrator to decide anything, including the arbitrator's own scope of authority. Id., 514 U.S. at 945, 115 S.Ct. at 1924-1925, 131 L.Ed.2d at 994.
 The court in that instance is simply considering an aspect of the most fundamental question of all arbitration cases — the first principle of ATT Technologies — that no party can be required to submit to arbitration when that party has not agreed to do so.
Council of Smaller Enters. v. Gates, McDonald Co., supra, at 667, citing First Options of Chicago, Inc. v. Kaplan (1995), 514 U.S. 938,115 S.Ct. 1920, 131 L.Ed.2d 985. (Emphasis sic.)
In the instant case, it is clear that there is a question as to whether the appellee was a party to an arbitration agreement with the appellant. Thus, we have what has been coined by both the United States and Ohio Supreme Courts as a First Options situation and must proceed accordingly by applying a presumption against arbitrability. In so doing, we conclude that the trial court correctly determined that the appellee should not be compelled to arbitrate her dispute with the appellant corporation because she never agreed to any sort of arbitration agreement with the appellant corporation. It would have been very easy for the parties to make the corporation a party to the shareholders' agreement, but they chose not to do so. Also, the corporation could have executed a separate agreement with the appellee to govern disputes that might arise between the appellee and the corporation, but for whatever reason, no such agreement was ever formalized.
Turning to the enforceability of an non-binding arbitration agreement, we conclude that even if the appellant corporation had been a party to the arbitration agreement contained in the shareholders' agreement, it would be unenforceable under Ohio law pursuant to the Ohio Supreme Court's decision in the case of Shaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 714. The Court therein held:
 * * * "arbitration" of a dispute, by definition, requires that the dispute be submitted to a neutral and independent "arbitrator" for a decision which is final and binding regardless of the outcome. (Emphasis sic.)
The Court in Shaefer stated that the terminology nonbinding arbitration is an oxymoron. The arbitration clause in question in the case sub judice specifically provided that the award of the arbitrators in such proceedings may be appealed to any court having jurisdiction thereof. We note that this case presents precisely the type of situation where, because of the unenforceable nature of the arbitration clause sought to be enforced, none of the public policy rationales favoring arbitration apply:
 By permitting a trial de novo in some instances, the provision unnecessarily subjects the parties to multiple proceedings in a variety of forums, increases costs, extends the time consumed in ultimately resolving a dispute, and eviscerates any advantage of unburdening crowded court dockets. Accordingly, since the provision is not a provision providing for true arbitration, the entire agreement to "arbitrate" clause is unenforceable.
Shaefer, supra, at 716.
Given the intransigence exhibited by the parties to this dispute thus far, it is highly unlikely that both parties would have been mollified by an award made subsequent to nonbinding arbitration, but rather that one or both would have exercised the escape hatch inherent in nonbinding arbitration. Id. at 716. If this court were to compel arbitration and the arbitration award was to be appealed, the total amount of time and expense expended would be greatly increased as compared to the alternative of proceeding directly to a trial on the merits. In keeping with Shaefer and its progeny, we conclude that the nonbinding arbitration clause in this case would not have been enforceable even if the appellant had been made a proper party thereto.
Therefore, this assignment of error is not well-taken and this case is remanded to the trial court for a hearing on the merits.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.