DECISION AND JOURNAL ENTRY
{¶ 1} Pursuant to R.C. 2711.02(C), Appellants, James and Kimberlee Pinette, appeal from the decision of the Summit County Court of Common Pleas which granted the motion to stay the proceedings pending arbitration filed by Appellee, Wynn's Extended Care, Inc. We affirm.
 {¶ 2} On July 16, 2002, Appellants filed a complaint against Appellee and Select Leasing, Inc. alleging breaches of both express and implied warranties, violations of R.C. 1345.01 et seq, breach of contract, and violations of the Magnuson-Moss Act. Additionally, Appellants asserted that the arbitration clause, contained in the vehicle service contract with Appellee, was unenforceable.
 {¶ 3} Thereafter, Appellee filed a motion for stay of proceedings. Appellants, responding by way of motion, requested that the court postpone ruling on Appellee's motion to stay until Appellants could conduct discovery regarding the validity of the arbitration clause. On February 13, 2003, the trial court granted Appellee's motion to stay the proceedings and denied Appellants' motion to conduct discovery. It is from this order that Appellants timely appeal raising two assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred by denying [Appellants'] right to conduct discovery and produce evidence on the enforceability of [Appellee's] arbitration clause before staying proceedings and ordering the case to arbitration."
 ASSIGNMENT OF ERROR II
"The trial court erred by granting [Appellee's] motion to compel arbitration."
 {¶ 4} In their first assignment of error, Appellants maintain that the trial court abused its discretion by granting Appellee's motion to stay the proceedings, thereby denying Appellants the opportunity to conduct discovery as to the enforceability of the arbitration clause. In their second assignment of error, Appellants assert that the trial court erred in compelling arbitration as there was no evidence presented regarding the enforceability of the clause. Appellants' assignments of error are not well taken.
 {¶ 5} A trial court's decision to stay the proceedings pending arbitration is reviewed under an abuse of discretion standard. Harrisonv. Toyota Motor Sales, U.S.A. Inc., 9th Dist. No. 20815, 2002-Ohio-1642, at ¶ 4. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 6} Ohio public policy encourages arbitration as a method for settling disputes. Harrison at ¶ 9. Moreover, when the dispute falls within the scope of the arbitration provision, a presumption arises favoring arbitration. Id. A court should give effect to arbitration provisions contained in an agreement between the contracting parties "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Harrison at ¶ 9, quoting Neubrander v. DeanWitter Reynolds, Inc. (1992), 81 Ohio App.3d 308, 311. Thus, if an action is brought on an arbitrable issue, the court in which the action is pending, "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall *** stay the trial of the action until arbitration has been conducted in accordance with the agreement." R.C. 2711.02(B).
 {¶ 7} However, an arbitration provision may be found to be invalid on grounds existing at law or in equity for the revocation of a contract. R.C. 2711.01(A). Accordingly, the trial court must determine the validity of the clause itself before issuing a stay of the proceedings pending arbitration. Harrison at ¶ 16. If the clause is vague, and thus lacking in specifics regarding the arbitration procedure, "the trial court is not warranted in sending the case into * * * unchartered waters" without affording the parties an opportunity to conduct discovery relating to the validity of the clause. Id. See, also,Giltner v. Mitchell, 9th Dist. No. 21039, 2002-Ohio-5771, at ¶ 15 (clarifying the decision in Harrision by recognizing that discovery is required only in instances when an arbitration provision is devoid of specific details).
 {¶ 8} In the present case, Appellants leased an allegedly defective Jeep Grand Cherokee from Select Leasing, Inc. A service contract, issued by Appellee, applied to the vehicle. Appellants sought to have the defective Jeep repaired pursuant to the service agreement. After several attempts at repair proved unsuccessful, Appellants filed a complaint against Appellee seeking to recover damages for the defective vehicle. Appellee moved to stay the proceedings pending arbitration, and attached a copy of the contract containing the arbitration clause to its motion. In response, Appellants alleged that the arbitration clause was unenforceable and moved the trial court to postpone ruling on Appellee's motion until Appellants had the opportunity to conduct discovery. The trial court granted the stay, thereby determining that the arbitration clause was enforceable.
 {¶ 9} In this instance, although the arbitration clause was preprinted onto the contract, specific details were provided to the purchaser regarding the arbitration process. This clause is markedly different from the clause at issue in Harrison which merely stated "See General Manager for information regarding arbitration process." The arbitration provision at issue in this matter provides in pertinent part:
"Any dispute arising out of or relating to this Contract shall be settled by final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ["AAA"] then in effect, unless the parties agree otherwise."
 {¶ 10} The process is further detailed under the sections entitled "Governing Law," "Venue," "Costs," and "Discovery." Upon reading these sections one finds that: 1) the arbitration process is to be conducted before a panel of three arbitrators and governed by the Federal Arbitration Act; 2) each party is responsible for its own attorneys fees and witness expenses; 3) the fees charged by the arbitrators, and the costs of arbitration, are to be shared equally by the parties; and 4) each party is entitled to two depositions, thirty interrogatories, twenty requests for production of documents, and twenty requests for admission.
 {¶ 11} Thus, Appellants in the instant matter were provided with much more detail than the appellant in Harrison who was simply referred to the general manager for details regarding the arbitration procedure. We note that Appellants analogize the present provision's reference to the Commercial Arbitration Rules of the AAA with the provision at issue in the Harrision case, which merely referred the appellant to the general manager for information regarding the arbitration process. However, there is a tremendous difference between the two provisions. The rules of the AAA are definite, structured and readily accessible whereas the contested provision in Harrison was open-ended and provided the appellant with no definite information as to what the arbitration process may entail. Thus, the trial court's decision to grant a stay pending arbitration can hardly be said to constitute sending the matter into "unchartered waters" in the present matter. Accordingly, we are unable to conclude that the trial court abused its discretion. Appellants' first and second assignments of error are overruled.
 {¶ 12} Appellants' assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, J.
WHITMORE, J. CONCUR