OPINION
{¶ 1} Plaintiff-appellant, Paul Rinderle, by and through his Power of Attorney, Pamela Hunt, appeals the judgment of the Fayette County Court of Common Pleas staying the proceedings pending arbitration.
 {¶ 2} Appellant was a resident of appellee, Whispering Pines Health Care Center, for *Page 2 
approximately two and a half years when he filed the present case against appellee in June 2007, alleging causes of action for medical and nursing home negligence and a violation of the Nursing Home Patients' Bill of Rights. After setting forth an affirmative defense in its answer that appellant's claims were covered by an arbitration agreement, appellee moved to stay the proceedings and enforce the arbitration agreement. The trial court granted appellee's motion in November 2007. From that judgment, appellant timely appeals, asserting three assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING REGARDING THE ENFORCEABILITY OF THE PURPORTED ARBITRATION AGREEMENT."
 {¶ 5} Appellant first argues that the trial court was required to make a factual inquiry into the circumstances of this case and erred when it refused to hold an evidentiary hearing following appellee's motion to stay the proceedings and enforce the arbitration agreement.
 {¶ 6} The Ohio Arbitration Act provides for either direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02. Brumm v. McDonald Co. Securities,Inc. (1992), 78 Ohio App.3d 96, 100. R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration. Id.; Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, ¶ 15 (quoting Brumm). In this case, appellee sought, and the trial court granted, a stay in the proceedings, pursuant to R.C. 2711.02(B):
 {¶ 7} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in *Page 3 
writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."
 {¶ 8} Although R.C. 2711.03 requires the trial court to hold a hearing in determining the enforceability of an arbitration provision, R.C. 2711.02 "`does not obligate the court to conduct a hearing on the issue. The terms of the statute require only that the court be satisfied that the dispute is referable to arbitration under the agreement.'"Maestle at ¶ 16, quoting Wishnosky v. Star-Lite Bldg. Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245.
 {¶ 9} Because appellee filed its motion to stay the proceedings pending arbitration pursuant to R.C. 2711.02, the trial court did not err in ruling on the enforceability of the agreement without a hearing. Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE COURT ERRED WHEN IT FAILED TO FIND THE PURPORTED ARBITRATION AGREEMENT SUBSTANTIVELY UNCONSCIONABLE."
 {¶ 12} Assignment of Error No. 3:
 {¶ 13} "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THE PURPORTED ARBITRATION AGREEMENT PROCEDURALLY UNCONSCIONABLE."
 {¶ 14} For ease of discussion, we will consider appellant's second and third assignments of error together. Appellant argues that the trial court erred in granting appellee's motion to stay the proceedings because the arbitration agreement between the two parties is both substantively and procedurally unconscionable. Because the determination of whether an arbitration agreement is unconscionable involves a question of law, we apply a de novo standard of review. Taylor BuildingCorp. of Am. v. Benefield, 117 Ohio St.3d 352, 2008-Ohio-930, at ¶ 38.
 {¶ 15} Arbitration is encouraged as a method of dispute resolution, and a presumption favoring arbitration arises when the issue in dispute falls within the arbitration provision. *Page 4 Williams v. Aetna Fin. Co., 83 Ohio St.3d 464, 471, 1998-Ohio-294. Such agreements are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A); Taylor Building Corp. at ¶ 32. Unconscionability is one of those grounds for revocation and includes both "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Id. at ¶ 32-33 (citations omitted).
 {¶ 16} Unconscionability comprises two separate concepts. Substantive unconscionability encompasses the commercial reasonableness of the terms of the agreement and involves factors including fairness of terms, charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. Small v.HCF of Perrysburg, 159 Ohio App.3d 66, 2004-Ohio-5757, at ¶ 20-21
(citation omitted). Procedural unconscionability includes the bargaining position of the parties and involves factors such as age, intelligence, education, business experience, bargaining power, who drafted the document, whether the terms were explained to the weaker party, whether alterations were possible, and whether there were alternative sources of supply. Id. at ¶ 22. The party challenging the provision as unconscionable must prove both procedural and substantive unconscionability. Taylor Building Corp. at ¶ 33, 52 (citations omitted).
 {¶ 17} First, appellant argues that the arbitration agreement was substantively unconscionable because it (a) provides for a waiver of rights under the Nursing Home Patients' Bill of Rights, and (b) includes undisclosed, prohibitive costs.
 {¶ 18} Our review of the record demonstrates that appellant failed to prove the agreement is substantively unconscionable. Appellant argues that the arbitration agreement forces him to waive his rights under the Ohio Nursing Home Bill of Rights, R.C. Chapter 3721, which renders the agreement void pursuant to R.C. 3721.13(C). In making this argument, appellant points to the clause in the signed agreement that he gives up and *Page 5 
waives his right to a jury trial. A right to a jury trial, however, is not a right granted to persons under the Ohio Nursing Home Bill of Rights. See R.C. Chapter 3721. Furthermore, a waiver of one's jury trial rights "is a necessary consequence of agreeing to have an arbitrator decide a dispute," and such provision is not substantively unconscionable. Taylor Building Corp. at ¶ 54.
 {¶ 19} Appellant also failed to present evidence that the arbitration costs and fees are prohibitive, unreasonable, or unfair as applied to him. Id. at ¶ 56-57. An arbitration clause will not be held unenforceable based on unsupported allegations of prohibitive costs. Id. at ¶ 58. The arbitration agreement in this case sets forth the following provision regarding fees associated with the arbitration: "The arbitrator's compensation and administrative fees related to the arbitration shall initially be paid by [appellee] and if [appellee] prevails, then the arbitrator may order that [appellant] reimburse it for any compensation or administrative fees paid. Each party shall be responsible for their own attorneys' fees."
 {¶ 20} According to the agreement, appellant only incurs his own attorney fees unless appellee prevails in the matter, in which case an arbitrator may order appellant to reimburse appellee for the arbitration expenses. Although appellant attached a fee schedule from the National Arbitration Forum and claims that if he should not prevail, he "could be required to pay fees in excess of $3,000," appellant has not presented any specific evidence of his financial situation that would make a payment of $3,000 prohibitive as applied to him. See id. at ¶ 58.
 {¶ 21} As appellant has failed to establish the arbitration agreement is substantively unconscionable, he cannot meet his burden to show the agreement is unconscionable, and therefore unenforceable. Id. at ¶ 33, 52 (citations omitted). We note, however, that appellant has also failed to show the agreement was procedurally unconscionable.
 {¶ 22} Although appellant was not on equal footing with appellee in terms of *Page 6 
bargaining power, "mere inequality of bargaining power is not a sufficient reason to hold an arbitration provision unenforceable."Broughsville v. OHECC, LCC, Lorain App. No. 05CA008672, 2005-Ohio-6733, at ¶ 20, citing Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311. Appellant, through his power of attorney, Hunt, was in a sound bargaining position. The record does not indicate the admission was an emergency or that Hunt was rushed through the admission process. Although appellant claims appellee did not explain the arbitration agreement to Hunt, appellant presents no evidence that Hunt was discouraged from asking questions or that any part of the agreement was unintelligible to her. An affidavit stating that Hunt completed the twelfth grade and had worked in a factory for 15 years fails to prove that she lacked the business acumen or cognitive ability to read or understand the agreement. See Broughsville at ¶ 21-22.
 {¶ 23} In addition, the arbitration agreement itself was a separate document from the multi-paged admission agreement and was written in plain language, with a clear heading. Id. Although appellant argues the agreement lacks a clause that provides for a means to reject or modify the terms, appellant points to no evidence suggesting it was, in fact, presented to him on a "take it or leave it" basis. Appellant presented no evidence that Hunt attempted to negotiate the arbitration agreement or was denied a modification of its terms. See Sikes v. Ganley PontiacHonda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155, at ¶ 16-17. The agreement itself contains language that the resident is not required to use appellee for his healthcare needs and indicates that there are other health care providers in the area qualified to meet his needs.
 {¶ 24} As stated, an unconscionable contract is "one in which there is an absence of meaningful choice for the contracting parties." Eagle v.Fred Martin Motor Co., 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 30. The record demonstrates that appellant, through Hunt, did not lack the opportunity to choose to forego signing the agreement, find care with another *Page 7 
facility, or demand that appellee negotiate the terms of the agreement. See Broughsville at ¶ 24. Accordingly, we find the record supports the trial court's determination that the arbitration clause is not unconscionable and therefore enforceable. Appellant's second and third assignments of error are also overruled.
 {¶ 25} Judgment affirmed.
 WALSH, P.J. and YOUNG, J., concur. *Page 1