[Cite as *Avenbury Lakes Homeowners Assn., Inc. v. Avenbury Lakes, Inc.*, 2012-Ohio-2553.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

AVENBURY LAKES HOMEOWNERS
ASSOCIATION, INC.

    Appellant

    v.

AVENBURY LAKES, INC., et al.

    Defendants

    v.

BARTON & ASSOCIATES

    Appellant

    And

ROBLER ASSOCIATES, INC.

    Appellee

C.A. Nos.    11CA009958
                 11CA009964

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07-CV-154222

DECISION AND JOURNAL ENTRY

Dated: June 11, 2012

---

CARR, Presiding Judge.

{¶1} In Case No. 11CA009964, appellant, Barton & Associates, appeals the judgment of the Lorain County Court of Common Pleas which granted the motion to dismiss and/or stay proceedings filed by appellee, Robler Associates. In Case No. 11CA009958, Avenbury Lakes Homeowners Association, appeals from the same judgment entry. This Court reverses in Case No. 11CA009964, and dismisses the appeal in Case No. 11CA009958.

I.

{¶2} On December 20, 2007, Avenbury Lakes Homeowners Association, Inc. ("Avenbury Lakes") commenced this action in the Lorain County Court of Common Pleas for breach of implied warranty and negligence, seeking damages from the Avenbury Lakes' developer, Avenbury Lakes, Inc. ("Developer"), for poor workmanship and severe deficiencies in the construction of the community's clubhouse, known as the "Lodge." Avenbury Lakes is comprised of owners in fee simple title to lots contained within a residential community in Avon, Ohio. On January 9, 2008, Developer filed an answer and a third-party complaint, which asserted claims against various subcontractors involved in the construction of the Lodge, including the architect, Barton & Associates, Inc. ("Barton"), and the HVAC consulting engineers, Robler Associates, Inc. ("Robler").

{¶3} After the initial exchange of written discovery, Avenbury Lakes came to believe that Robler and Barton shared responsibility for the deficiencies affecting the Lodge. On December 11, 2008, Avenbury Lakes was granted leave to file an amended complaint, which asserted claims against Developer, Robler, and Barton for breach of implied warranty, breach of contract, and negligence.

{¶4} On February 13, 2009, Barton moved to dismiss the negligence claim in the amended complaint on the basis that it was barred by lack of contractual privity and the economic loss rule. On June 18, 2009, the trial court issued a journal entry denying the motion to dismiss.

{¶5} On March 23, 2009, Barton filed its own third-party complaint, asserting claims against Robler for breach of contract, negligence, as well as contribution and indemnity.

{¶6} On June 5, 2009, Robler filed a motion to "dismiss and/or stay proceedings," in which it sought to dismiss Avenbury Lakes' and Barton's claims on the basis of (i) lack of jurisdiction due to failure of service of process; (ii) failure to state a claim upon which relief may be granted; and (iii) the absence of subject matter jurisdiction due to a controlling mediation and/or arbitration agreement between Robler and Barton. Robler also asserted that it was "no longer [] in existence as a corporation" and that its only relation to the dispute was its "brief" tenure as an HVAC consulting engineer subcontractor to the architect, Barton. In the alternative, Robler sought a stay of the proceedings pending mediation or arbitration of its disputes with Barton. On July 8, 2009, both Avenbury Lakes and Barton filed briefs in opposition to the motion. Robler filed a reply brief in support of its motion on July 22, 2009.

{¶7} On January 14, 2011, the trial court issued a journal entry granting the motion and ordering, pursuant to R.C. 2711.01, that "the case [be] stayed pending the result of the mediation/arbitration between Robler and Defendant, Barton and Associates as per contract."

{¶8} Both Barton and Avenbury Lakes filed notices of appeal to this Court. On May 25, 2011, this Court issued a journal entry consolidating the appeals. Barton raises two assignments of error in Case No. 11CA009964. Avenbury Lakes raises one assignment of error in Case No. 11CA009958.

II.

**<u>BARTON'S FIRST ASSIGNMENT OF ERROR</u>**

THE TRIAL COURT ERRED IN GRANTING ROBLER'S MOTION TO DISMISS/STAY PROCEEDINGS AS BARTON'S CLAIMS ARE NOT SUBJECT TO ARBITRATION.

**BARTON'S SECOND ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN COMPELLING MEDIATION/ARBITRATION OF BARTON'S CLAIMS AGAINST ROBLER AS BARTON'S CLAIMS ARE NOT SUBJECT TO ARBITRATION[.]

**{¶9}** In its first and second assignments of error, Barton argues that the trial court erred in granting Robler's motion to stay proceedings as Barton's claims are not subject to arbitration. This Court agrees.

**{¶10}** Because the issue of whether this controversy is subject to arbitration under Barton's and Robler's agreement presents a question of law, the standard of review is de novo. *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d. 276, 2007-Ohio-1947, ¶ 19.

**{¶11}** The trial court's judgment entry indicated that the stay of proceedings was issued pursuant to R.C. 2711.01, which states, "A provision in any written contract *** to settle by arbitration a controversy that subsequently arises out of the contract *** shall be valid, irrevocable, and enforceable[.]" Moreover, R.C. 2711.02(B), states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶12}** While courts generally encourage arbitration to settle disputes, the Supreme Court of Ohio has held that arbitration is a matter of contract and a party cannot be required to submit a dispute to arbitration when it has not agreed to do so. *Academy of Med. of Cincinatti v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 11; *Gillen Concrete & Excavating, Inc. v. Fortney & Weygant*, 9th Dist. No. 96CA006525, 1997 WL 430863 (July 16, 1997) (Because "arbitration is a matter of contract ***, a party cannot be compelled to arbitrate any dispute

which he had not agreed to submit.") *See also Peters v. Columbus Steel Castings Co.*, 10th Dist. No. 05AP-308, 2006-Ohio-382, ¶ 11. Thus, a court interpreting an agreement between the parties must determine whether the arbitration clause contains limitations as to arbitrability, as well as whether the arbitration clause limits itself only to certain aspects of the underlying contract. *Aetna* at ¶ 17-18.

**{¶13}** This Court has recognized two basic types of arbitration clauses, namely "unlimited clauses providing for arbitration of all disputes arising out of a contract; and limited clauses providing for a specific type of dispute arising out of a contract." *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 312 (9th Dist.1992). The primary focus in interpreting such clauses is whether the parties agreed to arbitrate the issue. *Aetna* at ¶ 19.

**{¶14}** This controversy in this case stems out of the contract between Barton and Robler. The contract contains the following provision in regard to arbitration:

> 5.8.1 All claims, counterclaims, disputes and other matters in question between the parties to this contract arising out of or relating to this Agreement or the breach of same will be decided by arbitration[.]
>
> ***
>
> 5.8.3 All demands for arbitration and all answering statements to same which include any monetary claim must contain a statement that the total sum or value in controversy as alleged by the party making such demand or answering statement is not more than $100,000 (exclusive of interest and costs); and the arbitrators will not have jurisdiction, power or authority to render a monetary award in response thereto against any party which totals more than $100,000 (exclusive of interest and costs). The arbitrators will not have jurisdiction, power or authority to consider, or make findings (except in denial of their own jurisdiction) concerning any claim, counterclaim, dispute or other matter in question where the amount in controversy of any such claim, counterclaim, dispute or matter is more than $100,000 (exclusive of interest and costs).
>
> 5.8.4 No arbitration arising out of, or relating to, this Agreement may include, by consolidation, joiner or in any other manner, any person or entity who is not a party to this Agreement.

{¶15} In this case, the dispute in question falls outside the scope of the arbitration agreement between Barton and Robler. Pursuant to Section 5.8.3 of the agreement, any claim, counterclaim, dispute or matter that exceeds $100,000 is not subject to arbitration. In its motion to "dismiss and/or stay proceedings," Robler did not assert that the total sum or value in controversy was less than $100,000. Avenbury Lakes, in its amended complaint, asserted a claim against Barton. As a direct result of Avenbury Lakes' claim against Barton, Barton filed a third-party complaint against Robler. Subsequently, upon the request of Barton, Avenbury Lakes filed a statement of damages pursuant to Civ.R. 8 for the amount of $698,118.82. Thus, as the amount in question likely exceeds the $100,000 limit set forth in the arbitration agreement, the trial court erred in staying proceedings pending the outcome of arbitration. Barton's first and second assignments of error are sustained.

## AVENBURY LAKES' ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN GRANTING DEFENDANT, ROBLER ASSOCIATES, INC.'S, MOTION TO DISMISS AND/OR STAY PROCEEDINGS.

{¶16} In its sole assignment of error, Avenbury Lakes argues that the trial court erred in granting Robler's motion to dismiss and/or stay proceedings. In support of its assignment of error, Avenbury Lakes argues that because it is not a party to the contract between Barton and Robler, its claims do not fall within the scope of the arbitration agreement and, therefore, are not subject to the stay provisions of R.C. 2711.02(B). In the judgment entry from which both parties appeal, the trial court stated that "the case [be] stayed pending the result of the mediation/arbitration between Robler and Defendant, Barton and Associates as per contract." As this Court has determined that the claims between Barton and Robler are not subject to arbitration pursuant to the terms of their agreement, we decline to address Avenbury Lakes'

assignment of error as it is moot, and its appeal in C.A. No. 11CA009958 is dismissed. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** In Case No. 11CA009964, Barton's first and second assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause remanded, for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

**{¶18}** In light of our decision in Barton's appeal in Case No. 11CA009964, Avenbury Lakes's appeal in Case No. 11CA009958 is moot, and the appeal is dismissed.

Appeal dismissed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

ROBERT E. KMIECIK and KEVIN M. FIELDS, Attorneys at Law, for Appellant.

STEVEN G. JANIK, AUDREY K. BENTZ, and DAVID B. SHAVER, Attorneys at Law, for Appellant.

JEFFREY A. LIPPS and JOEL E. SECHLER, Attorneys at Law, for Appellee.